FARMER, J.
Having been found guilty of second degree murder, defendant has filed a rule 3.850 motion for relief from his conviction. Citing our decision in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied, 892 So.2d 1014 (Fla.2005)—which was released after his trial — he contends that the Miranda[1] warnings failed to advise him that he had the right to have counsel present during questioning. Miranda has been around for nearly four decades, but he does not suggest how the post verdict intervention of our decision in Roberts would allow the issue to be raised for the first time on post-conviction relief instead of during trial.
Addressing his contention that trial counsel was ineffective in failing to move *308 for suppression of his statements to police, we first consider the facts supporting the verdict. Defendant was found guilty of killing his girlfriend, who was bludgeoned in the head with a metal pipe and hammer. His clothing, covered in blood, was found in the apartment. He was on a break at the time of the murder and had failed to return to work. He claimed he acted in self defense, saying that his girlfriend had tried to stab him with a knife. His fingerprints were found on the hammer and the pipe. The medical examiner testified that the victim suffered fourteen blows to the head and that she would have been incapacitated after receiving the initial blows.
We affirm the summary denial of the motion because defendant has failed to plead or prove prejudice under Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the prejudice component, he is required to demonstrate a “reasonable probability” that the outcome of the proceeding would have been different but for counsel’s errors. Even considering the use of the taped statement, he has failed to suggest any reasonable possibility that the jury would have returned a different verdict without the statement.
GROSS and MAY, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).